**CISCO SYSTEMS, INC; Margaret M. Lynch, Plaintiffs—Appellees,**

v.

**CALIFORNIA WORKERS COMPENSATION APPEALS BOARD; Lawrence F. Newman, Defendants—Appellants.**

No. 01–16096.

D.C. No. CV–00–21092–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2002.

Decided May 10, 2002.

Before BRUNETTI, LEAVY and T.G. NELSON, Circuit Judges.

ORDER *

The California Workers' Compensation Appeals Board (WCAB) and Workers' Compensation Administrative Law Judge Lawrence F. Newman interlocutorily appeal the district court's denial of their motion to dismiss a complaint filed by Cisco Systems, Inc., and Margaret M. Lynch, a Cisco employee. Cisco's action arose from a WCAB award to a Cisco employee and was brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq.*

We review the decision to grant or deny declaratory relief de novo. *See Crawford v. Lungren*, 96 F.3d 380, 384 (9th Cir. 1996). "Although the decision to grant or deny declaratory relief ... is a matter initially committed to the discretion of the district court, on appeal, we exercise our own 'sound discretion' to determine the propriety of the district court's grant or denial of declaratory relief." *Ablang v. Reno*, 52 F.3d 801, 803 (9th Cir.1995) (citation and quotation omitted).

The underlying WCAB award is not final. In the meantime, WCAB, in an en banc decision, held that California Labor Code § 132a is preempted by ERISA when the employee's § 132a claim is premised upon the employer's discontinuation of group health plan benefits to the employee pursuant to the terms of an ERISA plan. *Alonso Navarro v. A & A Farming*, 2002 WL 236699 (Cal.W.C.A.B. Feb.13, 2002). This en banc decision of the WCAB is binding on all WCAB three-member panels and on all workers' compensation administrative law judges. W.C.A.B. Policy & Procedure Manual, Index No. 6.16.1.[1]

Because of WCAB's intermediate ruling, we exercise our discretion and remand to the district court for entry of judgment of dismissal.

REMANDED with instructions.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. WCAB Policy and Procedural Manual 6.16.1 provides: "En banc decisions are binding on

panels of the Workers' Compensation Appeals Board, presiding workers' compensation judges and workers' compensation judges as legal precedent under the principle of *stare decisis.*"